# COUNTY OF ADDISON,

AT THE

JANUARY TERM, 1871.

PRESENT :

Hon. ASAHEL PECK,
Hon. HOYT H. WHEELER,
Hon. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
Hon. JONATHAN ROSS,

---

\* Henry G. Sweet *v.* Daniel B. Tucker, appellant.

*Mortgage. Foreclosure. Decree. Docket Entry. Payment. Assumpsit.*

Money paid to the clerk of the court, under the circumstances of this case, by the orator in a foreclosure suit, to take up a prior mortgage held by the defendant on the same premises, in pursuance of an order of the chancellor unappealed from, setting forth the conditions upon which it might be paid, and the same being received by the defendant, cannot be recovered back in an action of *assumpsit*, though the orator lost the entire benefit of the payment by the defendant's subsequently redeeming the premises under the orator's mortgage.

General assumpsit. The case was referred, and the referee reported as follows :

---

\* This case was decided at the January term, 1870.

At the June term, 1865, of Addison county court of chancery, a petition for the foreclosure of a tract of land in Starksboro was filed by the plaintiff in this suit against the above named defendant. At the same term, said defendant appeared and filed his answer, setting forth in substance that he was then the owner of a prior outstanding mortgage upon said premises, and claiming that the petitioner was not entitled to foreclosure against him without first paying said prior mortgage. To this answer the defendant's solicitor filed a replication which was withdrawn with leave of the court at the December term, 1865, at which term the chancery docket shows the following entry in said cause, to wit :

" In the above entitled cause, and at said term of said court, it was ordered by the chancellor that orator has leave to withdraw his replication, and to pay in to the clerk the amount due on the prior mortgage, with the costs of defendant's answer, and then to have a decree."

That in pursuance of said order, Mr. Spaulding, at said last named term, deposited with D. Stewart, the clerk, the amount then due on said mortgage, eighty-three dollars, and the cost of the answer, two dollars, telling him that there was so much money for the prior mortgage and the costs of the answer, and that he deposited it to be paid to said Tucker, the defendant, when the latter should leave his said prior mortgage and note with him, the clerk, for the petitioner.

At the same term the petitioner took a decree of foreclosure, but the same was never enrolled and signed, and of consequence was not recorded. Subsequently and before the expiration of the time of redemption, Tucker paid to the clerk the amount due upon said decree, and at the same time received from the clerk the sum of eighty-five dollars and ninety-three cents, that being, as appears by the docket entry, the amount due on the prior mortgage. It further appeared that before the petition to foreclose was served upon the defendant, the plaintiff tendered to him the amount due on the prior mortgage, and the defendant declined to receive it.

It further appeared that the defendant took the mortgaged premises from one Haskins, in exchange for land which he owned, and that possession thereof was exchanged before the deeds were executed, and that when possession was so exchanged, said defendant agreed with Haskins to pay both of said mortgages, and the referee finds that he took the premises subject to said mortgages.

The plaintiff's right of recovery seems to hinge upon the construction given to the order of court above quoted.

The proper interpretation of the order is referred to the court.

Judgment of county court for the plaintiff for the amount found by the referee, $101.69. Defendant excepted.

*E. R. Hard*, for the defendant.

*A. V. Spaulding*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. The order shown by the chancery docket is explicit and unambiguous. According to that, the money was paid to the clerk for the defendant, as a *condition precedent* to the taking of a decree by the plaintiff. Thereupon the plaintiff took the decree contemplated by said *order*. The condition imposed by the plaintiff, when he paid the money to the clerk, was not within the scope and effect of the order. When the plaintiff proceeded to take his decree under that order, the condition imposed on the clerk became nugatory, and the defendant was entitled to take that money by virtue of said order. That order remains in force, not appealed from or reversed. The defendant, holding the money under it, cannot be said to hold it against right or equity, in any such sense as to enable the plaintiff to recover it in this action. Obviously there was some misadventure on the part of the plaintiff in the course taken in the foreclosure suit; but it cannot be corrected by this action of assumpsit.

Judgment reversed, and judgment for the defendant.